## JAMES H. NICHOLS

### v.

## THE SCHOOL DIRECTORS, etc.

1.  SCHOOL HOUSE—*temporary use of, for religious worship, not forbidden by the constitution.* The provisions of the statute that school directors may grant the temporary use of school houses, when not occupied by schools, for religious meetings and Sunday schools, for evening schools, for literary societies, and such other meetings as they may deem proper, is not repugnant to any constitutional provision, and the use of a school house for temporary religious meetings, which do not interfere with the schools, will not be enjoined as illegal.

2.  An incidental use of a school house for the holding of religious meetings not interfering with school purposes is not, in any reasonable sense, inconsistent with its faithful application to the object of a gift or donation for school purposes, and such an use of the same is not an appropriation or payment from any public fund in aid of any church, etc.

3.  Religion and religious worship are not so placed under the ban of the constitution, that they may not be allowed to become the recipient of any incidental benefit whatever from the public bodies or authorities of the State.

APPEAL from the Circuit Court of Livingston county; the Hon. N. J. PILLSBURY, Judge, presiding.

Mr. L. E. PAYSON, for the appellant.

Mr. W. T. AMENT, and Mr. S. S. LAWRENCE, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill for an injunction by complainant as a citizen, tax-payer and freeholder of the school district of which defendants were directors, to restrain them from allowing the school house of that district to be used by any society or organization for the purpose of a religious meeting house.

The grievance as set forth in the bill is, that the defendants have, as such directors, given permission to different church organizations to hold religious services in the school house, against the protest of complainant and other tax-payers of the

district; that under this permission some of the church organizations purpose holding stated meetings in the school house; that by this means complainant is compelled to aid in furnishing a house of worship, and for religious meetings, contrary to the law of the land; that he is opposed to such use of the house by the societies, and that such meetings are about to be held in the same contrary to his wishes, wherefore he prays the injunction.

A demurrer was filed to the bill, which the circuit court sustained, and dissolved the temporary injunction which had been granted, and dismissed the bill. The complainant appealed to this court.

By statute, the supervision and control of school houses is vested in the school directors of the district, and "who may grant the temporary use of school houses, when not occupied by schools, for religious meetings and Sunday schools, for evening schools and for literary societies, and for such other meetings as the directors may deem proper." Rev. Stat. 1874, p. 958, § 39.

There is clearly sufficient warrant in the statute, if that be valid, for the action of the school directors.

But the statute is assailed as being unconstitutional.

The clauses of the constitution which are pointed out as being supposed to be violated by this statute are the following only:

"No person shall be required to attend or support any ministry or place of worship against his consent, nor shall any preference be given by law to any religious denomination or mode of worship." Art. 2, § 3.

Art. 8, § 3, forbidding, among other public bodies, the General Assembly or any school district from ever making any appropriation or paying from any public fund whatever anything in aid of any church or sectarian purpose, etc.; and forbidding the State or any public corporation from making any grant or donation of land, money or other personal property to any church or for any sectarian purpose.

"All lands, moneys, or other property, donated, granted or received for school, college, seminary or university purposes, and the proceeds thereof, shall be faithfully applied to the objects for which such gifts or grants were made." Art. 8, § 2.

It seems to us a very strained interpretation to attempt to bring the present case within the reach of either one of the above constitutional provisions.

The latter one relates to the subject of a gift or grant, which this school house is not shown to be, and if it were, it is not perceived wherein an incidental use of the house for the holding of religious meetings, not in any way in interference with school purposes, would in any reasonable sense be inconsistent with its faithful application to the object of the gift or grant.

The second provision respects the making of an appropriation or payment from some public fund in aid of any church or sectarian purpose, and it can not be claimed that this contemplated use of the school house is such.

In what manner, from the holding of religious meetings in the school house, complainant is going to be compelled to aid in furnishing a house of worship and for holding religious meetings, as he complains in his bill, he does not show. We can only imagine that possibly, at some future time, he might as a tax-payer be made to contribute to the expense of repairs rendered necessary from wear and use of the building in the holding of religious meetings. A single holding of a religious meeting in the school house might, in that way, cause damage in some degree to the building, upon the idea that continual dropping wears away stone, but the injury would be inappreciable. As respects any individual pecuniary expense which might be in this way involved, we think that consideration may be properly disposed of under the maxim *de minimis*, etc.

The thing contemplated by the constitutional provision first above named was a prohibition upon the legislature to

pass any law by which a person should be compelled without his consent to contribute to the support of any ministry or place of worship.

Such a matter as the subject of complaint here, we do not regard as within its purview.

Religion and religious worship are not so placed under the ban of the constitution that they may not be allowed to become the recipient of any incidental benefit whatsoever from the public bodies or authorities of the State. That instrument itself contains a provision authorizing the legislature to exempt property used for religious purposes from taxation; and thereby, the same as is complained of here, there might be indirectly imposed upon the tax-payer the burden of increased taxation, and in that manner the indirect supporting of places of worship. In the respect of the possibility of enhanced taxation therefrom, this provision of the constitution itself is even more obnoxious to objection than this permission given by the school directors to hold religious meetings in the school house. There is no pretence that it is in any way in interference with the occupation of the building for school purposes.

We think the court rightly sustained the demurrer and dismissed the bill, as making no case for an injunction.

The decree will be affirmed.

*Decree affirmed.*